UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JULIUS RAYMOND RAHMING,[1]

        Petitioner,

v.

WARDEN, NORTH FLORIDA
DETENTION CENTER, et al.,

        Respondents.

Case No. 3:26-cv-1505-MMH-PDB

_____

### **ORDER**

Petitioner Julius Raymond Rahming, an immigration detainee, is proceeding pro se on a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. See generally Petition. Rahming is a citizen of the Bahamas who entered the United States on April 1, 2023, with a temporary tourist visa. Response to Petition for Writ of Habeas Corpus (Doc. 5; Response), filed June 17, 2026, at

---

[1] Petitioner's last name is spelled inconsistently throughout the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1; Petition), filed June 8, 2026. Compare Petition at 1, 11 (spelling his last name "Rahing") with id. at 10 (spelling his last name "Rahming"). In the Response to Petition for Writ of Habeas Corpus (Doc. 5; Response), filed June 17, 2026, the Federal Respondents explain that they believe Petitioner misspelled his name in the Petition because his "immigration documents and his state arrest and booking report all indicate that the spelling of his last name is 'Rahming' instead of 'Rahing.'" Response at 1 n.2. Indeed, the documents attached to the Response reflect that Petitioner's last name is spelled "Rahming." See Doc. 5-1 at 4; Doc. 5-2 at 1–3; Doc. 5-3 at 1; Doc. 5-4 at 1–3; Doc. 5-5 at 1–4; Doc. 5-6 at 1. Therefore, the Court will refer to Petitioner as "Rahming" and will direct the Clerk of Court to correct the style of the case to reflect the proper spelling of his name.

2. In January 2026,[2] he was arrested on criminal charges. Petition at 7. Although the charges remain pending, see Response at 2, Rahming posted bond and was subsequently transferred to ICE custody, see Petition at 7.[3] In the Petition, Rahming raises various challenges to his immigration detention and seeks, inter alia, either immediate release or an individualized bond hearing. See id. at 6–8.

Respondent Warden filed Respondent Warden, North Florida Detention Center's Motion to Dismiss Petition for Writ of Habeas Corpus (Doc. 6; Motion), arguing he is not a proper respondent in this case. See generally Motion. The Federal Respondents filed a Response asserting that they are now detaining Rahming under 8 U.S.C. § 1226(a), and conceding that to the extent he seeks an individualized bond hearing, the Court should grant the Petition based on the Eleventh Circuit Court of Appeals' recent decision in Hernandez Alvarez v. Warden, Federal Detention Center Miami, 175 F.4th 1258 (11th Cir. 2026)

---

[2] While Rahming states that he was arrested on January 16, 2026, and subsequently transferred to ICE custody, Petition at 7–8, the Federal Respondents provide records reflecting that the arrest occurred on January 13, 2026, and immigration authorities re-encountered Rahming on January 14, 2026, Response at 2; Doc. 5-2 at 1–3; Doc. 5-3 at 1; Doc. 5-4 at 1–3, 8.

[3] The Court notes that, although Rahming was initially detained at Baker County Detention Center in Sanderson, Florida, Petition at 1, it appears that he has since been transferred to California City Immigration Processing Center in California City, California, see Online Detainee Locator System, U.S. Immigration and Customs Enforcement, available at https://locator.ice.gov/odls/#/search (last visited July 9, 2026).

(concluding that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior"). Response at 3–4.

When Rahming was detained in January 2026, Petition at 7, he was not seeking entry at the border; therefore, as the Federal Respondents now concede, he is not subject to § 1225 and instead is detained under § 1226, see id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act). Accordingly, it is

**ORDERED**:

1.      The **Clerk** is directed to correct the style of the case to reflect the proper spelling of Rahming's name.

2.      Rahming's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) is **GRANTED** as to his claim that his detention without an individualized bond hearing violates the Immigration and Nationality Act.[4] Within **seven days** of this Order, Respondents shall either afford Rahming an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release him. If Respondents release Rahming, they shall facilitate his transportation from

---

[4] Because the Court finds that Rahming is entitled to relief on his assertion that Respondents violated the Immigration and Nationality Act, the Court need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

the detention facility by notifying his counsel when and where he can be collected.

3.    Respondent Warden's Motion to Dismiss (Doc. 6) is **DENIED**. See, e.g., Fonseca v. Ripa, No. 3:26-CV-309-MMH-MCR, 2026 WL 1072778, *4–5 (M.D. Fla. Apr. 21, 2026).

4.    The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 10th day of July, 2026.

**MARCIA MORALES HOWARD**
United States District Judge

lc36
c:
Counsel of Record
Julius Raymond Rahming

4